# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BENJAMIN A. NEVAREZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-1221-13-0166-C-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　Agency. | DATE: April 23, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

R. Chris Pittard, Esquire, San Antonio, Texas, for the appellant.

Casey W. Hinson, Esquire, Falls Church, Virginia, for the agency.

Alvin Donald Pieper, White Sands Missile Range, New Mexico, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of the Board's order granting corrective action in the underlying individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In this IRA appeal, the administrative judge issued a remand initial decision granting corrective action in part and ordering the agency to change the appellant's performance ratings from Fair to Successful for the rating period March 1, 2012, through February 28, 2013. *Nevarez v. Department of the Army*, MSPB Docket No. DE-1221-13-0166-B-1, Remand Initial Decision (RID) (Aug. 24, 2016). The remand initial decision became the Board's final decision in the appellant's IRA appeal on September 26, 2016, when neither party filed a petition for review. *Id.* at 27; *see* 5 C.F.R. § 1201.113 (providing that initial decisions generally become final 35 days after issuance absent a petition for review). The appellant filed a January 30, 2018 petition for enforcement, arguing that the agency was not in compliance with the remand initial decision. Compliance Appeal File (CAF), Tab 1. The appellant also contended that the agency failed to notify him in writing of the actions it took to comply with the remand initial decision. *Id.* at 1. Additionally, he raised issues concerning the

agency's subsequent decision to remove him, effective December 9, 2017.[2]  *Id.* at 1-2.

The agency filed a motion to dismiss the appellant's petition for enforcement as untimely filed and submitted evidence of its compliance with the remand initial decision.  CAF, Tab 5.  The administrative judge denied the petition for enforcement, finding that the agency's response established that it had made the ordered change to the appellant's performance ratings.  CAF, Tab 7, Compliance Initial Decision (CID) at 4.  Concerning the appellant's claim that the agency failed to timely notify him that it had done so, as ordered in the remand initial decision, the administrative judge found that, even if the agency had failed to provide the required notice in a timely fashion, there was no meaningful relief available to the appellant.  *Id.*  As to any further relief that the appellant requested in his petition for enforcement, the administrative judge determined that no further corrective action was required as a consequence of the remand initial decision. *Id.* at 5.

The appellant has filed a petition for review of the compliance initial decision.  Compliance Petition for Review (CPFR) File, Tab 1.  The agency has filed a response in opposition to the appellant's petition for review, and the appellant has filed a reply to the agency's response.  CPFR File, Tabs 4, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency is in compliance with the remand initial decision</u>.

In his petition for review of the compliance initial decision, the appellant claims that the agency "never changed" his performance ratings.[3]  CPFR File,

---

[2] The appellant filed an appeal of his removal.  *Nevarez v. Department of the Army*, MSPB Docket No. DE-0752-18-0109-I-1.  The administrative judge issued an initial decision affirming the removal, and the appellant's petition for review of the initial decision is pending and will be resolved in a separate decision.

[3] Although the agency moved to dismiss the petition for enforcement as untimely filed, CAF, Tab 5 at 7-8, the administrative judge did not rule on the agency's motion, instead finding the agency in compliance with the remand initial decision, RID at 4.  The agency reraises the timeliness issue on review, but we discern no basis to grant review

Tab 1 at 4. It is the agency's burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by understandable documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

We agree with the administrative judge that the agency has established compliance by providing a copy of the appellant's performance rating for the period in question and a sworn affidavit attesting that it changed his rating as ordered. RID at 3; CAF, Tab 5 at 11, 14. The updated performance appraisal does not contain any reference to the appellant's previous "fair" rating, and reflects that he demonstrated "success" on each of his responsibilities and was "successful" overall. CAF, Tab 5 at 11; *see Vaughan*, 116 M.S.P.R. 319, ¶¶ 3, 6-7 (agreeing with an administrative judge that an agency's documentation that it issued an appellant a new performance appraisal without cross-outs and notations, as ordered, proved that it had corrected the appraisal). We also agree with the administrative judge that the record shows that there was no back pay that accrued as a result of the agency's action and the remedy ordered by him in the remand initial decision. RID at 3; CAF, Tab 5 at 14. The appellant provides no specific assertions rebutting the agency's evidence, and therefore we find no basis to disturb the administrative judge's finding that the agency corrected the appellant's performance rating.

The appellant asserts that the agency did not notify him of the date when it had taken all actions to comply with the order, as required by the remand initial decision. CPFR File, Tab 1 at 4; RID at 26. The agency disputes this contention.

---

based on the administrative judge's decision to address the merits of the appellant's petition for enforcement instead of timeliness. *See, e.g.*, *Donovan v. U.S. Postal Service*, 101 M.S.P.R. 628, ¶¶ 9-11 & n.3 (2006) (declining to address the timeliness of a petition for enforcement when concrete evidence supported the administrative judge's finding that the petitioner had not prevailed on the merits).

PFR File, Tab 2 at 5; IAF, Tab 5 at 14. The administrative judge considered this argument below, but found that, even if true, he could order no meaningful relief. CID at 4.

The appellant also appears to argue that the administrative judge abused his discretion in granting the agency an additional 7 days to respond to his order to show proof of compliance. CPFR File, Tab 1 at 4; CAF, Tab 2 at 1-2, Tab 4. After the agency did not respond to the administrative judge's first order to demonstrate compliance, the administrative judge issued a second order providing the agency with an additional 7 days. CAF, Tab 4. He warned that failure to comply could result in sanctions. *Id.* The agency responded within the period allotted. CID at 4; CAF, Tab 5 at 11, 14. We discern no abuse of discretion by the administrative judge. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 20 (2016) (observing that an administrative judge has broad discretion to control the proceedings before her). In any event, the appellant has alleged no harm based on the agency's delays in its compliance or in responding to the administrative judge's first order, and thus these issues are moot. *See Bables v. Department of the Army*, 86 M.S.P.R. 171, ¶ 20 (2000) (finding that the issue of the agency's temporary noncompliance was moot because the agency had since complied and there was no remedy under the circumstances for its delayed compliance); *see also* 5 U.S.C. § 1204(e)(2)(A) (providing that the Board may order the withholding of pay from an employee charged with complying with a Board order during the period of noncompliance).

The appellant contends that his "petition for review is not just about an evaluation" and reiterates that he suffered reprisal at the hands of agency employees, reviewing his allegations of protected whistleblowing activity in detail. CPFR File, Tab 1 at 4-6. The appellant also asserts that the agency failed to remove the agency officials who retaliated against him by giving him a bad performance appraisal. *Id.* at 4. However, the Board only has the authority in an IRA appeal to order the agency to provide relief—it does not have any authority

over individual wrongdoers.[4] 5 U.S.C. § 1221(g). To the extent the appellant seeks to reargue the merits of his IRA appeal, we decline to revisit them here. *See Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 24 (2008) (finding that an administrative judge erred in revisiting the merits of the appeal during compliance proceedings). If he is claiming compensatory damages, the Whistleblower Protection Enhancement Act has provided the Board with the authority to order such damages. *King v. Department of the Air Force*, 119 M.S.P.R. 663, ¶ 15 (2013). However, we cannot order such damages when, as here, the underlying events occurred prior to the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012. RID at 25; *see King*, 119 M.S.P.R. 663, ¶¶ 17-18, 21, 29.

The appellant alleges that the administrative judge was biased because his decisions favored the agency. PFR File, Tab 1 at 4. There is a presumption of honesty and integrity on the part of administrative judges that can only be overcome by a substantial showing of personal bias, and the Board will not infer bias based on an administrative judge's case-related rulings. *Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id.* Here, the appellant points to no specific improper comments or actions by the administrative judge that indicated favoritism or antagonism, and we find his broad allegations of bias

---

[4] On December 12, 2017, the President signed into law the National Defense Authorization Act of 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283. In pertinent part, the Act requires that agencies propose disciplinary action against supervisors whom the Board has determined have taken an action in reprisal for protected whistleblowing. RID at 13-14, 16-19, 25; *see* Pub. L. No. 115-91, § 1097(e), 131 Stat. at 1621-22 (codified at 5 U.S.C. § 7515). All of the relevant events here predate the enactment of the NDAA. Regardless of whether this provision would apply to those events, section 1097(e) requires agencies, not the Board, to take action. 5 U.S.C. § 7515(b). It does not grant the Board the authority to order disciplinary action as a form of relief in an IRA appeal.

insufficient to rebut the presumption of judicial honesty and integrity. *Id.*, ¶ 19 (reaching the same conclusion under such circumstances).

Accordingly, we affirm the compliance initial decision.

**NOTICE OF APPEAL RIGHTS[5]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.